CHARLES E. EGAN, Plaintiff, *v.* JAMES A. WALSH, Defendant.

Supreme Court, New York Special Term, March, 1923.

Corporations — formation of — money borrowed by individual stockholder for benefit of corporation is a corporate obligation — repayment of loan not a misappropriation of corporate funds.

Plaintiff, the defendant and two others, not one of whom possessed any money to contribute toward the capital of a corporation which they formed to carry

on a business enterprise, agreed that a certain sum was needed to finance the company. The defendant volunteered to and did secure a loan of that amount from a bank in which he was a depositor upon his personal note given as security for repayment of the loan. It was arranged that instead of defendant paying the money directly to the corporation, he was to divide it among the incorporators and they were to use it for the payment of stock issued to each of them by the corporation. As an added security to defendant each of the other incorporators gave him their personal notes for the repayment of the sum advanced. Each of said notes contained a provision that any dividends earned should be used to liquidate the indebtedness represented by the notes. *Held*, that manifestly the money borrowed by defendant was for the benefit of the corporation and thus the loan became a corporate obligation.

The defendant should not be penalized for securing the loan upon his personal credit without which the business venture could never have had inception; therefore, the use of corporate funds to liquidate the loan was not a misappropriation of such funds.

ACTION for an accounting.

*Arthur V. McDermott*, for plaintiff.

*Foley & Martin* (*W. J. Martin* and *P. J. Dobson*, of counsel), for defendant.

WAGNER, J. The plaintiff Egan, the defendant Walsh and two others resolved to engage in a business venture. A corporation was organized by them to carry out the enterprise. It was also agreed among them that $10,000 was needed to finance the company, and it appears from the evidence that not one of the incorporators was possessed of any moneys to contribute toward the capital of the corporation. The defendant Walsh volunteered to secure a loan of $10,000 from a bank in which he was a depositor; he succeeded, the bank loaning him the $10,000 upon Walsh giving his personal note as security for the repayment of the said loan. It was arranged between the four incorporators that instead of Walsh paying the $10,000 loan directly into the corporation treasury he was to divide the money between them and they were to use it for the payment of stock issued to each of them by the corporation. As an additional security to Walsh each of the three incorporators gave him their personal note, promising the repayment of the sum advanced. On the said notes there was also a provision that any dividends earned by the corporation should be used to liquidate the indebtedness represented by the notes. Thus the money borrowed by Walsh, through a roundabout procedure, found its way into the corporation treasury. Because Walsh employed this method of double security the plaintiff now contends that the money advanced cannot be regarded as a corporate obligation, but that the whole transaction with reference to the loan by Walsh and its subsequent use in payment for stock by the

other incorporators was a personal transaction between the said incorporators and Walsh, and hence the use of corporation funds to liquidate the loan made by Walsh was a misappropriation of trust moneys by Walsh as a director, for he had authorized such payment; and plaintiff now asks that this court compel said director to make restitution to the corporation for the alleged misuse of its funds. Looking at the actualities and ignoring the form employed when the money was borrowed, it is manifest that the money was borrowed by Walsh for the benefit of the corporation, so that it might begin the business for which it was incorporated. The loan thus became a corporate obligation. The defendant Walsh, it seems to me, should not be penalized for his magnanimity in securing a loan upon his personal credit, without which the business venture could never have had inception. Our courts exist to do justice. In carrying out that purpose we disregard mere formalities and look at the realities. Words or procedure have no magic except as they reflect the intent of the actors. The court is not some abstract institution apart from the affairs of life; it is a part of life. Since my conclusion is that the loan was a corporate obligation, manifestly there was no misappropriation of corporate funds in using them to liquidate this debt. Even if a strict constructionist might regard the initial transaction as *dehors* the corporation's business, the plaintiff, by subsequent acts, ratified the payments. He knew corporate funds were used to pay the interest on the loan in question as well as part of the principal; indeed, entries in the books of such payments were concededly made in his own handwriting. He made then no protest. His present explanation for the making of these entries, to refute the evidence of his acquiescence, is too severe a strain on credulity. In accordance with defendant Walsh's offer, the plaintiff is absolved from further liability under his note now held by defendant.

Submit proposed findings and decree accordingly.

Judgment accordingly.